# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

WINDERMERE GOLDEN PROPERTY LLC,

    Plaintiff,

v.

    Case No.

ATEGRITY SPECIALTY INSURANCE COMPANY,

    Defendant.

_____/

## DEFENDANT'S NOTICE OF REMOVAL OF A CIVIL ACTION

COMES NOW, Defendant, Ategrity Specialty Insurance Company (hereinafter "Ategrity"), a foreign corporation, by and through counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and hereby gives notice of removal of a civil action from the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida, to the United States District Court for the Middle District of Florida, Orlando Division, and alleges as follows:

    1.    On or about October 27, 2023, Plaintiff, Windermere Golden Property LLC, commenced a civil action against Defendant, Ategrity, in the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida, where the matter is now pending under Case Number 2023-CA-004707-CI and is captioned

*Windermere Golden Property LLC v. Ategrity Specialty Insurance Company* (the "State Court Action").

2. On November 10, 2023, Plaintiff served the Chief Financial Officer of the State of Florida (the "CFO"), as the statutory service of process agent for Ategrity, with the Summons, Complaint and Demand for Jury Trial (the "Complaint"), Plaintiff's Notice of Service of First Interrogatories to Defendant, Plaintiff's Notice of Taking Deposition Duces Tecum of Defendant's Designated Corporate Representative(s) Pursuant to Rule 1.310(b)(6), Plaintiff's Request for Admissions, Plaintiff's Request for Production to Defendant, and Standing Case Management Plan/Order (General Track).

3. On November 14, 2023, the CFO forwarded to Ategrity, via electronic delivery, the service documents attached hereto, namely the Complaint as **Exhibit "A"**, and the Notice of Service of Process, Summons, Plaintiff's Notice of Service of First Interrogatories to Defendant, Plaintiff's Notice of Taking Deposition Duces Tecum of Defendant's Designated Corporate Representative(s) Pursuant to Rule 1.310(b)(6), Plaintiff's Request for Admissions, Plaintiff's Request for Production to Defendant, and Standing Case Management Plan/Order (General Track), which are included in the remaining state court documents as **Composite Exhibit "D"**.

4. Pursuant to section 624.423(2), Florida Statutes, service of process upon an insurer is only valid and binding once it has been transmitted to the

insurer by the CFO. *Home Life Ins. Co. v. Regueira*, 243 So. 2d 460 (Fla. 2d DCA 1970). Thus, service of process on Ategrity was effective on November 14, 2023.

5. Ategrity has removed the case to this Court within 30 days of its receipt of service of process. 28 U.S.C. § 1446(b)(1) provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Thus, Ategrity's Notice of Removal of a Civil Action is timely filed.

6. Windermere Golden Property LLC is and at all times pertinent hereto has been the Named Insured under the insurance policy, Policy No. 01-C-PK-P20040894-0, issued by Ategrity for the policy period from December 23, 2021 to December 23, 2022 (the "Policy"), which provides commercial property coverage for the premises located at 3415 West Vine Street, Kissimmee, Florida 34741 (the "Property"), subject to the terms, limits, exclusions, definitions, deductibles, limitations, conditions, and sub-limits set forth within in the Policy. See the true and correct copy of the Policy incorporated in Ategrity's Answer and Affirmative Defenses to Plaintiff's Complaint, attached hereto as **Exhibit "B"**.

7. Plaintiff's citizenship is completely diverse from Defendant's. Windermere Golden Property LLC is registered with the Florida Secretary of State, Division of Corporations, as a Florida Limited Liability Corporation with its current principal place of business at 8707 Crescendo Ave, Windermere, Florida, 34786, and consists of one member, Qiaoqing Huang (elsewhere stated as Qiao Qing Huang), who is the only member in interest. Pursuant to Orange County Tax Collector records, Qiao Qing Huang claims a homestead exemption for the property located at 8707 Crescendo Ave, Windermere, Florida, 34786, and is therefore a citizen of the State of Florida. See the Electronic Articles of Organization for Windermere Golden Property LLC, dated October 22, 2020, and the 2023 Florida Limited Liability Company Annual Report of Windermere Golden Property LLC, dated April 21, 2023, both as filed with the Florida Secretary of State, attached hereto as **Composite Exhibit "E"**. Moreover, the Common Policy Declarations list the Mailing Address of the Named Insured as Kissimmee, Florida. *See* Ex. "B". Accordingly, Plaintiff has its principal place of business in Florida and is a citizen of Florida for diversity jurisdiction purposes.

8. Ategrity is, and at all times pertinent hereto, has been a foreign corporation organized and existing under the laws of the State of Delaware with its principal place of business in Scottsdale, Arizona. Ategrity is eligible to transact insurance business in the State of Florida pursuant to the Florida Surplus Lines

4

Law, § 626.913, Fla. Stat., et seq.  For purposes of diversity jurisdiction, Ategrity is deemed to be a citizen of the State of Delaware or of the State of Arizona under 28 U.S.C. § 1332.  See the electronic records summary obtained from the Delaware Department of State, Division of Corporations Database, attached hereto as **Exhibit "F"**.

9. There is complete diversity of citizenship among the parties to the State Court Action.  At the time of the commencement of the State Court Action and since that time, Plaintiff was and is a citizen of the State of Florida.  The sole Defendant, Ategrity, was and is not a citizen of the State of Florida.

10. Further, the amount in controversy, including damages allegedly owed by the sole Defendant, exclusive of interest, attorney fees, and costs, exceeds the sum of $75,000.00.

11. In the Complaint, Plaintiff asserts one count for breach of contract under the Policy and one count for declaratory relief.  Plaintiff alleges that "[o]n or about 9/29/2022, while the Policy was in full force and effect, the Property was damaged (Loss)," that "[b]y failing to adjust the Loss pursuant to the unambiguous terms of the Policy, Defendant has materially breached the Policy by failing to pay the actual cash value and replacement cost value of the claim," and that "[b]y failing to adjust the Loss pursuant to the unambiguous terms of the Policy and by failing to properly respond to said presuit settlement demand,

Defendant has materially breached the Policy." Plaintiff seeks damages with interest, costs, and attorney's fees. *See* Ex. "A", ¶¶ 5, 9, and 15, and the prayer for relief of Count I of the Complaint.

12. Plaintiff's allegations in the State Court Action are denied in their entirety, except for those facts further discussed that are necessary to the removal of this action.

13. Plaintiff reported a claim to Ategrity for benefits under the Policy for damages allegedly sustained to the Property due to Hurricane Ian on or about September 29, 2022 (the "Subject Loss"). Plaintiff's public adjuster, Faith Adjusters LLC (the "PA"), provided Ategrity with an estimate in the total amount of $157,778.93 at replacement cost value (RCV) for damages related to the Subject Loss (the "Insured's Estimate"). The Insured's Estimate is attached hereto as **Exhibit "G"**.

14. On October 4, 2023, Plaintiff's counsel filed a Property Insurance Notice of Intent to Initiate Litigation, bearing filing number 146902 (the "Notice"), with the Florida Department of Financial Services on Plaintiff's behalf regarding this claim. The Notice states an estimate of damages in the amount of $157,779.00, following a denial of coverage. The Notice is attached hereto as **Exhibit "H"**. Accompanying the Notice on October 4, 2023, Plaintiff's counsel again provided the Insured's Estimate of $157,778.93 RCV.

15. Ategrity denied coverage for those damages identified by its retained engineer as caused by excluded perils; however, for the benefit of the Insured, approved the cost of some repairs, which fell below the Policy's applicable $10,000 wind deductible.  Therefore, no payment was issued.

16. Therefore, the total amount of damages in dispute between the parties, exclusive of interest, attorney fees, and costs, is approximately $147,778.93, the amount sought by Plaintiff for alleged damage to the Property from Hurricane Ian.

17. This Court has original jurisdiction over this action, pursuant to the provisions of 28 U.S.C. § 1332(a) and (c), because the citizenships of the sole Plaintiff and the sole Defendant are completely diverse, and the amount in controversy exceeds $75,000.00, exclusive of interest, attorney fees, and costs.

18. 28 U.S.C. § 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

The United States District Court for the Middle District of Florida embraces Osceola County, Florida, the place where the State Court Action is pending.

Because this Court has original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, removal to this Court is proper pursuant to 28 U.S.C. § 1441(a).

19. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 1.06(b), copies of all other process, pleadings, motions, and orders of the State Court Action currently on file in the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida, are attached hereto, namely the Docket Sheet as **Exhibit "C"**, and all remaining state court documents, inclusive of the Civil Cover Sheet, Plaintiff's Reply to Defendant's Affirmative Defenses, and the earlier named service documents, as **Composite Exhibit "D"**.

20. On this date, Ategrity filed its Notice of Filing Notice of Removal, Certification of Notice of Removal, and Notice to Counsel of Removal of a Civil Action with the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida, copies of which are attached hereto as **Composite Exhibit "I"**.

WHEREFORE, Defendant, Ategrity Specialty Insurance Company, prays that the above-styled action be removed from the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida to the United States District Court for the Middle District of Florida, Orlando Division.

Dated: December 11, 2023.

PD.43829573.1

Respectfully submitted,

**PHELPS DUNBAR LLP**

*/s/ Patricia A. McLean*

Patricia A. McLean, Esq.
Fla. Bar No. 129143
Email: patricia.mclean@phelps.com
Amber N. Razzano, Esq.
Fla. Bar No. 1026019
Email: amber.razzano@phelps.com
100 South Ashley Drive, Suite 2000
Tampa, Florida 33602
Telephone:  (813) 472-7550
Facsimile:  (813) 472-7570
*Attorneys for Defendant, Ategrity Specialty Insurance Company*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 11, 2023, I electronically filed the foregoing Notice of Removal with the Clerk of Court via the CM/ECF system. I further certify that a true and correct copy of the foregoing was served by e-mail to all parties on the Service List below.

*/s/ Patricia A. McLean*
Attorney

**SERVICE LIST**

Kevin Weisser, Esq.
Tawna S. Schilling, Esq.
**WEISSER ELAZAR & KANTOR, PLLC**
708 East Colonial Drive, Suite 103
Orlando, Florida 32803
kw@weklaw.com
ts@weklaw.com
jk@weklaw.com
sc@weklaw.com
service@weklaw.com
*Attorneys for Plaintiff, Windermere Golden Property LLC*